The opinion of the Court was delivered by
Inglis, J.
This Court concurs in the opinion of the Judge below, that the rules to show cause, which on the defendants’ motions had been granted at Chambers, and were returnable in term, were not within the Act of Assembly of September 21, 1866, “To alter and fix the times fo.r holding the Courts of Common Pleas in this State.” (13 Stat. 392.) The second section of that Act directs, “ that all writs and other process of the said Courts, mesne and final, now made returnable to the Pall Terms heretofore established, except mesne process in cases of tort, shall be returnable to the Spring Terms of the Court, in the year of our Lord' one thousand eight hundred *49 and sixty-seven, the same as if already so directed.” The description, “writs and other process,” properly embraces all those mandatory precepts which issue by the authority and in the name of the State, out of any of its Courts, and under the seal of such Court, in the institution and prosecution of judicial proceedings, and are used chiefly for the purpose of bringing parties, witnesses, jurors, &c., into Court, or for the execution of the final judgment attained in the particular proceeding. Thus, it is provided in the Constitution of the State, (Art. 3, Sec. 3,) the style of all process shall be, “ The State of South Carolina.” “A rule ” is an order made by a Court between the parties to a cause before it, or touching the discharge of duty by those engaged in the conduct of its proceedings, either as permanent officers of the Court or as serving therein in some temporary capacity. It is authenticated by the signature of the Judge, or, in certain instances, of the Clerk.
In the cases under review, judgments had been entered up in certain actions previously prosecuted in the Court, and the purpose of the rules made was to set on foot an inquiry into alleged defects in the institution of those actions, with a view ultimately to set aside the judgments. Such an inquiry could with no propriety be said to be the trial of an action arising'ex contractu, so as to come within the intention of the first section of the Act.
The defendants, having wholly neglected to pursue the proceedings which had thus on their motion been authorized, have no just ground to complain that the leave granted therein was, at the time limited by its own terms, withdrawn'. The order staying the executions (for' in so far as it affected the judgments, otherwise than through the executions, it was without authority) was properly rescinded. Inasmuch, however, as the alleged defects in the judgments which were to have been impeached under the rules are so material that, if existing and not corrected, great injustice may be done, and *50 as the defendants, who moved for the rules, may have been, not without some apparent reasdn, misled in their interpretation of a statute then so recently enacted, it is proper that this Court should make such order as will prevent the injury that might result from leaving these judgments undisturbed, to be enforced by execution.
It is ordered that the motions to vacate the orders made in these cases in term be dismissed; but that the defendants in the two judgments, mentioned in the proceedings, now have leave, upon giving due notice to the plaintiffs therein respectively, to move at the next term of the Court for Greenville District, to set aside the said judgments, and that, until the hearing and determinations of such motions, the executions be stayed. If, however, such notice is not given, and the motion here permitted shall not, during the term, be made and brought to a hearing, or continued over by order of the Court, the stay of execution herein ordered shall expire with the term.
Dunkin, C. J., and Wakdlaw, A. J., concurred.

Motion dismissed.